Scofield, J.,
delivered the opinion of the court:
In this case the claimant proves that, January 21,1875, he forwarded to General Augur, commanding the department of Texas, the following proposal:
“ General :I will furnish you with cavalry horses required for your department for the next ninety days, say from four to-six hundred, delivered at points on the railroad on the north and northwest frontier of Texas, say Caddo, Dallas, Dennison, or Austin, as the service may require * *• * subject to the-approval of the officers designated to receive and inspect them, at one hundred and thirty-seven dollars per head.”
On the same day General Augur replied:
“ The above proposition of Mr. B. W. Peay is accepted, upon the condition that the government be not held responsible in any *78 way for damages to or loss of horses before they shall have been inspected and actually received by the officers designated to receive them.”
To this conditional acceptance, the claimant, under the same date, responded:
“ I agree to the foregoing conditions, and wish that the government, to avoid delays, have the officers at the point designated to receive and inspect the horses.
“ E. W. Peat.”
The claimant alleges in his petition—
1. That it was further agreed between claimant and General Augur, commanding department of Texas, that there should be present a board of officers to inspect and receive the horses when delivered at the points designated.
2. That the claimant was instructed by competent authority to have 98 head of horses at Austin, Tex., ready for inspection by the 25th day of February, 1875. He had the horses at that place on that day, ready for inspection and delivery, but the board of officers to inspect and receive said horses did not arrive or inspect them until the 4th day of March, 1875, on which day they did inspect and did receive 97 of the said 98 horses.
3. That by reason of said delay on the part of the defendants the claimant was compelled to feed and care for said horses from the 25th day of February to the 4th day of March, 1875, at a cost to him of $423.29, which was the just and reasonable expense of feeding and caring for the said 97 horses which the defendant accepted, from the 25th day of February to the 4th day of March, 1875.
These three essential allegations are not sustained by the evidence. It is therefore unnecessary to determine what the rights and liabilities of the respective parties would be if the allegations had been proved.
Claimant’s petition must be dismissed.